James William **DOWDELL** and **Raymond Allen Davis**, Appellants,

v.

**STATE of Indiana**, Appellee.

No. 780S219.

Supreme Court of Indiana.

Aug. 24, 1981.

Lee J. Christakis, Gary, for appellants.

Theodore L. Sendak, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

James Dowdell and Raymond Davis were jointly charged by information with one count of robbery committed while armed with a knife and two counts of criminal confinement while armed with a knife. They were each convicted by a jury, after a joint trial, of robbery, a class B felony, Ind.Code § 35–42–5–1, and two counts of criminal confinement, a class B felony, Ind. Code § 35–42–3–3. Each defendant was sentenced to twenty years in prison on each of the three counts, the sentences to be served concurrently.

In this joint appeal Dowdell and Davis raise two issues: (1) whether the verdict as to the armed nature of the crimes was sustained by sufficient evidence, and (2) whether it was fundamental error for them to have been represented at trial by the same attorney.

The evidence viewed in the light most favorable to the jury's verdict shows that on April 18, 1979, Davis entered a house in Merrillville, Indiana, after coming to the door on a pretense of looking for a car that was for sale, and then asking to use the telephone. The only person then in the house was Mark Luchene, a fifteen-year-old boy who lived there with his family. The boy allowed Davis to enter. Dowdell entered the house a few minutes later. Shortly after that, the boy's cousin, Thomas Purcell, thirteen years old, entered the house. One of the defendants held a knife to Mark Luchene's stomach and the other held what Purcell described as snippers against his back. The two boys were taken into a back bedroom, tied up and gagged, and placed on the floor. Davis and Dowdell ransacked the house, stealing a stereo, a tape deck, two shotguns, jewelry, and coins. Two neighbors who saw the appellants leave the Luchene house alerted the police, and Dowdell and Davis were apprehended within minutes. The stolen goods were found in the car in which the defendants were caught, and in Dowdell's pockets. The two boys identified the two defendants in a lineup the following day.

## I.

The appellants claim that the evidence to sustain the armed criminal confinement counts was not sufficient because testimony did not establish which one of them had the knife and did not establish whether the "snippers" were a deadly weapon.

A review of the record reveals that Luchene identified Dowdell as the man using the knife. By obvious inference the jury could have concluded that Davis was the one with the "snippers". In any event even if possession of the knife had not been attributed to a particular defendant, the defendant without the knife was chargeable with commission of the armed felony under Ind.Code § 35–41–2–4:

"A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense...."

We need not consider the claim that the snippers were not sufficiently described so that the jury could not determine whether they were a "deadly weapon" as defined by Ind.Code § 35–41–1–2, since the "armed" counts were based on the use of a knife.

## II.

■ Appellants next argue that it was fundamental error for them to be represented by the same attorney at trial, citing *Holloway v. Arkansas*, (1978) 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426; and *Cuyler v. Sullivan*, (1980) 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333. Neither appellant requested a separate trial or separate counsel.

■ These cases stand for the proposition that fundamental error is inherent in multiple representation situations when a trial court knows, or should know, from the circumstances that a particular conflict exists, and when the defendant is able to demonstrate that an actual conflict of interest adversely affected his counsel's performance.

Appellants assert that the record in their case establishes an actual conflict adversely affecting counsel's representation of the interests of each, because to establish that one defendant did not wield the knife was to establish that the other one did. This is a spurious argument since its premise is that the defendant who did not use the knife was not liable for the armed felony. As discussed in I above, both defendants were liable for the armed felony if the jury believed the testimony of the boys describing their confinement at knifepoint by the two acting together. This issue does not, therefore, present an actual conflict, and no other conflict is asserted. There was no error in the representation of Dowdell and Davis by one attorney.

These convictions are affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.